IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MORAN

MAGISTRATE JUDGE ASHMAN

TERRELL CANTRELL )
    Plaintiff, )
 ) NO. 02C 5442
V. )
CHICAGO POLICE OFFICER PARHAM, )
STAR #18619, )
CHICAGO POLICE OFFICER SMITH, )
STAR #13941, )
CHICAGO POLICE OFFICER WESTON, )
STAR #17706, )
CHICAGO POLICE OFFICER SWEENEY )
STAR #13177, )
and the CITY OF CHICAGO )
    Defendants. )



FILED

AUG 0 1 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT**

NOW COMES the Plaintiff **TERRELL CANTRELL** by his undersigned attorneys and complains against Defendants and alleges as follows:

**JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

1

## PARTIES

2. Plaintiff TERRELL CANTRELL is a citizen of the United States.

3. Defendant PARHAM, # 18619, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

4. Defendant SMITH, # 13941, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

5. Defendant WESTON, # 17706, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

6. Defendant SWEENEY #13171, was at all times material to this Complaint a Chicago Police Officer. She is sued individually.

7. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and the City of Chicago and is the employer and principal of defendant police officers Parham, Smith, Weston, and Sweeney.

8. All Defendants were at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

9. On October 12, 2000, Plaintiff Terrell Cantrell resided at 862 North Sedwick, #307, in the City of Chicago, County of Cook, State of Illinois.

10. On October 12, 2000, at approximately 2:15 p.m., Chicago police officers arrested the Plaintiff without probable cause pursuant to a knowingly false case report signed by Defendant Officers Parham and Smith and which was adopted by Defendants Weston and Sweeney as true and correct. Each defendant knew there was no probable cause to arrest the plaintiff.

11. In their case report, Defendants Parham and Smith falsely stated they saw the Plaintiff at10: 35 p.m. on October 10, 2000, in the vicinity of Apartment 710 at 624 West Division, Chicago, Illinois. Defendants Parham and Smith intentionally and falsely stated that the Plaintiff threw a plastic bag into the open doorway of Apartment 710 and then escaped up the eastern stairwell at 624 West Division.

2

12. Defendants Parham and Smith's report stated that the plastic bag was recovered from Apartment 710. The report alleged that the bag contained a handgun, a plastic bag containing what defendants Parham and Smith thought was cocaine, and $1234.00 in U.S. currency.

13. Defendants Parham and Smith also falsely wrote in their report that a Denise Webb in Apartment 710 at 624 W. Division Street told the police that the man who threw the plastic bag was Terrell Cantrell.

14. Defendants Parham and Smith communicated, or caused to be communicated, a false story to the Cook County State's Attorney that Plaintiff possessed a gun and controlled substances, knowing and intending that such information would be relied upon by the State's Attorney as the factual basis for the felony charges against the Plaintiff.

15. Defendants Weston and Sweeney were present at the scene on October 10, 2000 and knew that Defendants Parham and Smith did not see the Plaintiff at Apartment 710, 624 W. Division Street.

16. Based both on the above false allegations made by Defendants Parham and Smith, and the fact that Defendant Parham falsely testified before the Grand Jury, the Plaintiff was indicted on November 3, 2000, on charges of armed violence, possession of a controlled substance with intent to deliver, aggravated unlawful use of a weapon, and unlawful use of a weapon by a felon. A bond was set in the amount of $175,000.00.

17. Defendants Sweeney and Weston knew that Defendants Parham and Smith intended to have the Plaintiff falsely arrested and that Defendants Parham and Smith did, in fact, cause Plaintiff to be charged with aggravated unlawful use of a weapon and possession of a controlled substance with intent to deliver.

18. Defendants Sweeney and Weston knew that they had information which, if communicated to the State's Attorney at any point during the pendency of the prosecution, would have resulted in the refusal to bring criminal charges against the Plaintiff and/or the dismissal of all criminal charges and the release of Plaintiff.

19. Defendants Sweeney and Weston knew and intended that their withholding information would result in the initiation of and continued malicious prosecution of Plaintiff.

3

20. Defendants Sweeney and Weston's withholding of information caused the false arrest and malicious prosecution to be initiated and to continue.

21. On January 24, 2002, after a two-day bench trial, the Plaintiff was acquitted of all charges. Plaintiff was released from custody the evening of January 24, 2002.

22. For over one and a half years, all Defendants continued to lie and withhold information from the prosecutors and the court about the facts of the case.

23. Defendants Parham, Smith, Sweeney and Weston falsely testified at trial as to the Plaintiff's possession of a gun and drugs.

24. Defendants Parham, Smith, Sweeney and Weston knew their testimony was false and intended that their testimony would result in Plaintiff's conviction.

25. All Defendants knew that such an arrest, detention, and prosecution could only be made based upon probable cause, and a reasonable officer in each of their positions would have known that there was not probable cause for the arrest, detention or prosecution of the Plaintiff.

26. All Defendants had a duty to determine whether there was probable cause to justify the arrest and detention of Plaintiff, had a duty to act to prevent the prosecution, had a duty to testify truthfully in their reports and in court, had opportunities to act to prevent the prosecution and prevent the injuries and harm to Plaintiff, yet failed to take action to prevent the prosecution and prevent the injuries and harm to Plaintiff and in fact, engaged in specific acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of Plaintiff.

27. Defendants reached a meeting of the minds and agreed to cause Plaintiff to be charged with felonies, to falsify reports, to withhold information which would have resulted in the dismissal of criminal charges and the release of Plaintiff, and to testify falsely in court in order to cover up the misconduct of Defendants as more fully set above.

28. Defendants, acting both individually, jointly, and in conspiracy, directly and proximately caused the false arrest, pretrial detention and malicious prosecution of Plaintiff by the misconduct and unlawful acts set forth more fully above.

29. The acts and omissions of Defendants, as set forth more fully above, were wanton and willful.

30. The Defendants' false arrest and malicious prosecution of Plaintiff directly resulted in Plaintiff's damages as set forth in more detail below.

31. As a result of the false allegations made by Defendants Parham, Smith, Sweeney and Weston, the Plaintiff was in custody from October 12, 2000, until January 24, 2002, a total of 569 days.

32. While in custody in Division 5 of Cook County Jail, Illinois, the Plaintiff contracted three separate eye infections and additional medical problems during his unlawful imprisonment.

33. Moreover, the Plaintiff has been severely traumatized as a result of Defendants' actions. The Plaintiff suffered a loss of his liberty for a crime he did not commit, experienced mental distress and anguish, experienced a lack of enjoyment in life, and was prevented from going about his regular business during his period in custody.

## COUNT I

### (Plaintiff's Claim for False Arrest and Imprisonment Section 1983 Defendants Parham, Smith, Weston and Sweeney)

34. The plaintiff realleges paragraphs 1-33 with the same force and effect as if fully set forth herein.

35. Defendants Parham and Smith prepared police reports which falsely identified the Plaintiff as the suspect who fled from Defendants Parham and Smith. Defendants Sweeney and Weston deliberately failed to contradict or disavow the reports. On the basis of these false allegations the Plaintiff was illegally arrested without probable cause. The Plaintiff was also indicted on the basis of Defendants Parham's and Smith's false allegations, including Defendant Parham's testimony before the Grand Jury, which resulted in Plaintiff's indictment. As a result of Defendants Parham's and Smith's false allegations and resulting illegal arrest without probable cause, the Plaintiff was detained in custody and held continuously in custody from October 12, 2000, until his release on January 24, 2002. These actions by the Defendants constitute false arrest and

5

imprisonment under the Fourteenth Amendment and the Fourth Amendment and right to be free of unreasonable seizures and are actionable under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiff requests that this Court award him substantial money damages in excess of $50,000.00 to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiff demands in excess of $50,000.00 in punitive damages plus the costs of this action and attorney fees.

## COUNT II

### (Plaintiff's Claim for 1983 Civil Conspiracy
### Defendants Parham, Smith, Weston, and Sweeney)

36. The plaintiff realleges paragraphs 1-35 with the same force and effect as if fully set forth herein.

37. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and maliciously prosecute Plaintiff in violation of the Fourth and Fourteenth Amendments in order to cover-up the unjustified arrest of Plaintiff by Chicago police officers.

38. In furtherance of this conspiracy, the Defendants named above committed the overt acts set forth above, including, but not limited to, the wrongful arrest, incarceration, charging and malicious prosecution of Plaintiff; the creation and filing of false, fabricated, and incomplete statements and reports; the withholding of information which would have led to the dismissal of criminal charges and the release of Plaintiff; and the giving of false testimony.

39. Said conspiracy and overt acts were and are continuing in nature.

40. Defendants' acts as set forth above in acting jointly and/or conspiring together to maliciously prosecute Plaintiff were wanton and willful and constitute the tort of conspiracy.

6

41. This conspiracy proximately caused the injuries to the Plaintiff set forth above.

WHEREFORE, the Plaintiff requests that this Court award him substantial money damages in excess of $50,000.00 to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiff demands in excess of $50,000.00 in punitive damages plus the costs of this action and attorney fees.

## COUNT III

### (Plaintiff's 1983 Claim for Violation of Due Process and Right to a Fair Trial Defendants Smith, Parham, Weston and Sweeney)

42. The Plaintiff realleges paragraphs 1-41 with the same force and effect as if fully set forth herein.
43. Defendants knowingly and intentionally deprived the Plaintiff of due process of law under the Fourteenth Amendment by preparing false case reports, by Defendant Parham testifying falsely at the Grand Jury, and by all Defendants falsely testifying at the Plaintiff's trial.

WHEREFORE, the Plaintiff requests that this Court award him substantial money damages in excess of $50,000.00 to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiff demands in excess of $50,000.00 in punitive damages plus the costs of this action and attorney fees.

## COUNT IV

### (Plaintiff's Federal Claim Against Defendants Parham, Smith, Weston and Sweeney for Violation of Due Process and Malicious Prosecution)

44. The Plaintiff realleges paragraphs 1-43 with the same force and effect as if fully set forth herein.

45. The Defendants knowingly and falsely testified at the plaintiff's trial and Defendant Parham maliciously and without probable cause testified falsely at the Grand Jury that indicted the Plaintiff.

46. The Defendant's false testimony was done intentionally and knowingly with the aim of having the Plaintiff falsely convicted of crimes which he didn't commit.

47. As a result of Defendant Parham's false testimony before the Grand Jury, the plaintiff was falsely incarcerated for a substantial amount of time.

48. The Defendants knowingly and intentionally violated the Plaintiff's right to a fair trial, fundamental fairness and due process under the Fifth, Sixth and Fourteenth Amendment.

WHEREFORE, the Plaintiff requests that this Court award him substantial money damages in excess of $50,000.00 to compensate for the injuries caused by the Defendants' intentional or reckless and illegal acts; and since Defendant's actions were malicious, willful and/or wanton Plaintiff demands in excess of $50,000 in punitive damages plus the costs of this action and attorney fees.

## COUNT V

### (Plaintiff's Pendent State Claim for Malicious Prosecution Defendants Parham, Smith, Weston and Sweeney)

49. The Plaintiff realleges paragraphs 1-48 with the same force and effect as if fully set forth herein.

50. Defendants individually, jointly, and in conspiracy, maliciously and without probable cause caused the false charging and prosecution of Plaintiff for the fabricated charges of aggravated unlawful use of a weapon, possession of a controlled substance and possession of a controlled substance with intent to deliver; and Defendants conspired to prepare a case report which falsely identified the Plaintiff as the suspect who fled from Defendants Parham, Smith, Sweeney and Weston.

51. The prosecution of Plaintiff was terminated in his favor.

52. As a result of the malicious prosecution, Plaintiff was deprived of liberty as set forth above.

53. The actions of Defendants in maliciously prosecuting Plaintiff constituted a violation of his rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.

54. Defendants' actions in maliciously prosecuting Plaintiff were willful and wanton.

WHEREFORE, the Plaintiff demands judgment against all Defendants for compensatory damages in an amount in excess of $50,000.00, plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT VI

### (*Respondeat Superior* Claim - Defendant City of Chicago)

55. The plaintiff realleges paragraphs 1-54 with the same force and effect as if fully set forth herein.

56. The aforesaid acts and state law violations of Defendants Parham, Smith, Weston, and Sweeney, as set forth above, were performed in the scope of their employment as Chicago police officers, were willful and wanton, and therefore the Defendant City of Chicago as principal is liable for the actions of its agents, under the doctrine of *respondeat superior* for the violations of state law.

WHEREFORE, the Plaintiff demands judgement against the City of Chicago in the amounts sought against the individual Defendants in his state claim as set forth in Count V.

## COUNT VII

### (745 ILCS 10/9 102 - Defendant City of Chicago)

57. The Plaintiff realleges paragraphs 1-56.

58. Defendant City of Chicago is the employer of the individual Defendants.

59. Defendants Parham, Smith, Weston, and Sweeney committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants Parham ,Smith, Weston, and Sweeney be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgements Plaintiff obtains thereon against said Defendants as well as for all attorney fees and costs.

_____
Attorney for Plaintiff
Melinda Power
West Town Community Law Office
2502 W. Division
Chicago, Illinois 60622
Tel: 773/278-6706
Fax: 773/278-0635

_____
Attorney for Plaintiff
Jeffrey Naffziger
West Town Community Law Office
2502 W. Division
Chicago, Illinois 60622
Tel: 773/278-6706
Fax: 773/278/0635

_____
Attorney for Plaintiff
Michael Deutsch
Peoples Law Office
1180 N. Milwaukee
Chicago, Il. 60622
773-235-0070

JS 44
(Rev. 12/96)



# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

TERRELL CANTRELL

JUDGE MORAN

**DEFENDANTS** PARHAM

CHICAGO POLICE OFFICER, Star no. 18
CITY OF CHICAGO, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE ASHMAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Melinda Power, Jeffrey Naffzic
2502 W. Division, Chicago, IL
60622  773 278 6706

ATTORNEYS (IF KNOWN)

FILED DOCKETE
02C 5442  AUG 0 1 2002  AUG 0 2 20
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLA (For Diversity Cases Only) (AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF |
|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to D Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTE |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionmen |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commoditi Exchange |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilizati |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matte |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Ac |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Deter Under Equal Access |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Acti |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983, action for false arrest, civil conspiracy, violation of due process, etc.

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in co
JURY DEMAND: ☐ YES

**VIII. This case**
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE  8/1/02

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE MORAN**

In the Matter of

TERRELL CANTRELL,
   Plaintiff

**MAGISTRATE JUDGE ASHMAN**

Case Number:

v.

CHICAGO POLICE OFFICER PARHAM, Star NO. 18619,
CITY OF CHICAGO, et al

**02C 5442**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

TERRELL CANTRELL

**FILED AUG 0 1 2002**
**DOCKETED AUG 0 2 2002**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Melinda Power | NAME: Jeffrey Naffziger |
| FIRM: West Town Community Law Office | FIRM: West Town Community Law Office |
| STREET ADDRESS: 2502 West Division | STREET ADDRESS: 2502 West Division |
| CITY/STATE/ZIP: Chicago, IL 60622 | CITY/STATE/ZIP: Chicago, IL 60622 |
| TELEPHONE NUMBER: 773-278-6706 | FAX NUMBER: 773-278-0635 | TELEPHONE NUMBER: 773-278-6706 | FAX NUMBER: 773-278-0635 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 618115 | IDENTIFICATION NUMBER: 6275581 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Michael Deutsch | NAME: |
| FIRM: Peoples Law Office | FIRM: |
| STREET ADDRESS: 1180 N. Milwaukee | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Il 60622 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 773-235-0070 | FAX NUMBER: | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 0623261 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |