IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 2 - 2004

Judge James B. Moran
United States District Court

| | | |
|---|---|---|
| TERRELL CANTRELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 5442 |
| | ) | |
| CHICAGO POLICE OFFICER PARHAM, | ) | **DOCKETED** |
| Star No. 18619, CHICAGO POLICE OFFICER | ) | JUDGE MORAN JUL 0 6 2004 |
| SMITH, Star No. 13141, CHICAGO POLICE | ) | |
| OFFICER WESTON, Star No. 17706, | ) | |
| CHICAGO POLICE OFFICER SWEENEY, | ) | MAGISTRATE JUDGE ASHMAN |
| Star No. 13177, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff Terrell Cantrell, by one of his attorneys, Melinda Power; defendants Thomas Parham, Daniel Smith, Nancy Sweeney, and Robert Weston by one of their attorneys, William E. Bazarek, Assistant Corporation Counsel; and defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, herein stipulate and agree to the following:

1. This action has been brought by plaintiff Terrell Cantrell, against defendants, City of Chicago, Thomas Parham, Daniel Smith, Nancy Sweeney, and Robert Weston, and makes certain allegations contained in Plaintiff's Complaint.

2. Defendants deny each and every allegation of wrongdoing as stated in Plaintiff's Complaint, and further deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and

17

employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon the advice of counsel, plaintiff Terrell Cantrell, agrees to dismiss with prejudice all of his claims against defendants, City of Chicago, Thomas Parham, Daniel Smith, Nancy Sweeney, and Robert Weston, with each party bearing its own costs and attorneys' fees.

5. Plaintiff Terrell Cantrell, accepts a settlement from defendant City of Chicago in the total amount of EIGHTY-SEVEN THOUSAND DOLLARS ($87,000.00), with each party bearing its own costs and attorneys' fees.

6. The City of Chicago agrees to pay plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiff and his attorneys agree that they will not seek payment from any source other than the

City of Chicago. The settlement check will be made payable to plaintiff, his attorney, and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, Thomas Parham, Daniel Smith, Nancy Sweeney, and Robert Weston, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the individual defendants, Thomas Parham, Daniel Smith, Nancy Sweeney, and Robert Weston, the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and all other claims arising either directly or indirectly from any other contacts, arrests, and/or incidents with the individual Defendants and/or other Chicago Police personnel from October 10, 2000 through June 15, 2004 and that such release and discharge also is applicable to any and all unnamed and/or unserved Defendants.

9. This Release and Settlement Agreement and any documents that may be executed

3

under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorney, who is the attorney of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorney, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

CITY OF CHICAGO,
A Municipal Corporation


MARA S. GEORGES,
Corporation Counsel of the City of Chicago

BY: _____ 7/1/04
ARNOLD H. PARK,
Assistant Corporation Counsel
30 N. LaSalle, Suite 900
Chicago, IL 60602
312-744-6922
Attorney No. 06237837


_____ 7-1-04
WILLIAM E. BAZAREK,
Assistant Corporation Counsel
Attorney for Individual Defendants.
30 N. LaSalle, Suite 1400
Chicago, IL 60602
312-744-1975
Attorney No. 06203720

_____
TERRELL CANTRELL,
Plaintiff.

Address: 460 W. page se ter
Riverdale IL,

*Social Security No. _____

_____
MELINDA POWER,
Attorney for Plaintiff
West Town Community Law Office
2502 W. Division
Chicago, Illinois 60622
773-278-6706
Attorney No. 70744


* Providing Social Security Number is voluntary.

5